UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 21-CV-0770-CBM-(Ex) | Date | January 29, 2021 |
| Title | *Westlake Fitness LLC et al. v. County of Ventura and Robert Levin, M.D., in his capacity as Health Officer for Ventura County* | | |

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings:    **IN CHAMBERS- ORDER RE PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND ISSUANCE OF ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [7]**

The matter before the Court is "Plaintiffs' Application for Temporary Restraining Order, and Issuance of Order to Show Cause Re: Preliminary Injunction." (Dkt. No. 7 (the "Application").) The Application is **DENIED** for the reasons set forth below.

Plaintiffs are owners of a gym located in the County of Ventura. (Compl. ¶¶ 9, 17.)[1]  The Complaint challenges Governor Newsom's March 19, 2020 Executive Order N-33-20 on the basis it has made it "commercially impracticable" for Plaintiffs to use their business property. (Compl. ¶¶ 1, 4.) Plaintiffs assert three causes of action against the County of Ventura and Robert Levin, M.D., in his capacity as Health Officer for Ventura County:  (1) a § 1983 inverse condemnation claim for violation of the Takings Clause under the Fifth and Fourteenth Amendments; (2) a § 1983 substantive due process claim for violation of the Fourteenth Amendment; and (3) a § 1983 procedural due process claim for violation of the Fourteenth Amendment.

While the title on the caption page for the Application identifies the Application as a request for a temporary restraining order, the Application itself states "Plaintiff [sic] seeks a Permanent Injunction

---

[1] While the caption page of the Complaint identifies Plaintiffs as Westlake Fitness LLC and Art Gilfus, the Complaint alleges John Franko is the plaintiff and owner of the Oxnard Bootcamp LLC, a gym in the County of Ventura. (*Compare* Compl. at 1 with *id.* ¶¶ 9, 17.) Therefore, the identity of the plaintiff(s) is unclear.

prohibiting Defendant and future Governors from issuing any Emergency Order that deprives a business owner of the right to operate the business, unless the order is necessary to free up essential equipment and manpower for critical uses, or is accompanied by a directive to justly compensate the business owner for fair market value lost as a direct and proximate result of the order." To obtain a permanent injunction, Plaintiffs must show "actual success" on the merits of their claims. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). The Application was filed on January 28, 2021, on the same day as the Complaint. Accordingly, Plaintiffs' Application for a permanent injunction is premature and denied for failure to demonstrate actual success on the merits. *See Sierra Club v. Penfold*, 857 F.2d 1307, 1319 (9th Cir. 1988) ("Because actual success on the merits was not shown, the district court did not err in denying permanent injunctive relief.").

Moreover, although the Complaint challenges Governor Newsom's March 19, 2020 Executive Order N-33-20, and the Application seeks a permanent injunction prohibiting the Governor and future governors from issuing emergency orders, the Complaint only names the County of Ventura and Robert Levin, M.D., in his capacity as Health Office for Ventura County as defendants. Therefore, the Court cannot issue the requested injunction against Governor Newsom (or the State of California) who is not a named defendant in this action.

To the extent the Application seeks the issuance of a temporary restraining order, Plaintiffs have the burden of establishing: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) a balance of equities tips in their favor; and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20; *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the same standard for preliminary injunctions applies to temporary restraining orders). Plaintiffs neither directly address nor file evidence demonstrating a likelihood of success on the merits, and the Court cannot enjoin parties who are not named in this action. *See Knauer v. Kaiser Permanente Int'l, Inc.*, 94 Fed. Appx. 470, 471 (9th Cir. 2004) (it is an abuse of discretion to issue a preliminary injunction where there is no evidence on the record that plaintiffs are likely to succeed on the merits).[2] Plaintiffs also fail to show a likelihood of irreparable harm. Plaintiffs contend they have been irreparably harmed because of the loss of value to their business and because Governor Newsom's March 19, 2020 Executive Order N-33-20 "deprived Plaintiff[s] of the right [sic] operate *any* business not deemed essential" and seek approximately $200,000 as "[j]ust compensatory damages . . . equal to the value of the Business prior to" the March 19, 2020 Executive Order. (Compl., Prayer for Relief.) However, the proper remedy for a takings claim "is just compensation for the property taken rather than an order enjoining any action." *Bridge Aina Le'a, LLC v. State of Hawaii Land Use Comm'n*, 125 F. Supp. 3d 1051, 1066 (D. Haw. 2015), *aff'd sub nom. Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610 (9th Cir. 2020).[3] Moreover, Plaintiffs fail to demonstrate the requested injunctive relief is in the public interest or that the balance of equities tips in their favor. While the public interest is served by protecting constitutional rights, the public interest is also served by protective measures taken to limit the spread of COVID-19 and issuing the requested injunction would present a risk of serious harm to public health. Accordingly, the

---

[2] *See also Panno v. Wells Fargo Bank, N.A.*, 2016 WL 7494896, at *5 (C.D. Cal. June 13, 2016) (plaintiff must offer evidence to meet plaintiff's burden of showing a likelihood of success on the merits for a temporary restraining order, and cannot "simply point[ ] to allegations in his Complaint").

[3] *See also Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2177 (2019) ("Given the availability of post-taking compensation, barring the government from acting will ordinarily not be appropriate."); *In re Nat'l Sec. Agency Telecommunications Records Litig.*, 669 F.3d 928, 932 (9th Cir. 2011) ("Equitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking.").

Application for a temporary restraining order is denied.   *Winter*, 555 U.S. at 20.

Furthermore, Federal Rule of Civil Procedure 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit … clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the ***movant's attorney certifies*** in writing any efforts made to give notice and the reasons why it should not be required.

(Emphasis added.)   Plaintiffs filed a "Certificate of Service" after the Application was filed wherein an individual named Carla McEwen "certif[ies]" that she served the Application "by E-mail to the defendants 'attorney christine renshaw [sic]."   (Dkt. No. 8.)   McEwen is not listed as counsel of record for Plaintiffs.   No certification by Plaintiffs' counsel was filed regarding notice of the Application to Defendants or why notice should not be required.   Therefore, the Application does not appear to comply with Federal Rule of Civil Procedure 65(b)(1)'s notice requirements.

Because the Court denies the Application for a temporary restraining order, the Application for an order to show cause re: preliminary injunction is denied as moot.

**IT IS SO ORDERED.**