UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 21-CV-0770-CBM-(Ex) | Date | February 11, 2021 |
| Title | *Westlake Fitness LLC et al. v. County of Ventura and Robert Levin, M.D., in his capacity as Health Officer for Ventura County* | | |

Present: The Honorable **CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE**

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:** **IN CHAMBERS- ORDER RE: PLAINTIFFS' RESPONSE TO ORDER SHOW CAUSE RE: "NOTICE OF REMOVAL BY UNITED STATES OF AMERICA" AND REMAND OF STATE COURT CASE NO. 56-2021-00549550 TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA**

On January 28, 2021, Plaintiffs filed the Complaint in this action asserting three claims against the County of Ventura and Robert Levin, M.D., in his capacity as Health Officer for Ventura County based on Governor Newsom's March 19, 2020 Executive Order N-33-20: (1) a § 1983 inverse condemnation claim for violation of the Takings Clause under the Fifth and Fourteenth Amendments; (2) a § 1983 substantive due process claim for violation of the Fourteenth Amendment; and (3) a § 1983 procedural due process claim for violation of the Fourteenth Amendment.

After the Complaint was filed, Plaintiffs filed a "Notice of Removal by United States of America 28 U.S.C. § 1442(a)(1)" in this federal action. (Dkt. No. 6.) Plaintiffs appeared to be seeking to remove an action filed by the County of Ventura and Health Officer for Ventura County against Plaintiffs in the Superior Court of California, County of Ventura, State Court Case No. 56-2021-00549550.[1]

On January 29, 2021, the Court issued an Order to Show Cause ("OSC") why State Court Case

---

[1] Plaintiffs' "Notice of Removal by the United States of America" attached briefing filed in the state court action re: an *ex parte* application by the County of Ventura and its Health Officer to enjoin plaintiffs from operating a gym or fitness center, but did not include the complaint filed in state court.

No. 56-2021-00549550 should not be remanded back to the Superior Court of California, County of Ventura because removal of the state court action by Plaintiffs pursuant to 28 U.S.C. § 1442(a)(1) appears improper since neither the United States of America, a federal agency, or a federal officer appears to be a named party in the underlying state court action and Plaintiffs are the named defendants in the state court action.  (Dkt. No. 12.)

Plaintiffs filed a response to the OSC on February 8, 2021 (Dkt. No. 14).  Plaintiffs' response attached a copy of the complaint filed by the County of Ventura and Robert Levin, M.D. in his capacity as Health Officer for Ventura County in State Court Case No. 56-2021-00549550, which asserts two causes of action against Plaintiffs for 1) violation of health orders issued in light of COVID-19, including an order issued by the Ventura County Health Officer on July 17, 2020 ordering closure of Plaintiffs' gym; and 2) public nuisance.  Plaintiffs state in their response that they "will withdraw its [sic] Notice of Removal and file a new Notice of Removal under 28 U.S.C. § 1331, 1343, 1441 and 1445" because "paragraphs [sic] 30 . .  of Defendant's State Court Complaint . . . is a federal question."  Paragraph 30 of the Complaint in State Court Case No. 56-2021-00549550, however, pertains to Plaintiffs' alleged violation of health orders requiring closure of Plaintiffs' gym in light of COVID-19, and alleges the County has "no adequate remedy at law because the amount of the damages to the general public's health, safety and welfare is unascertainable and damages cannot compensate for the social disruption, illnesses and deaths caused by the callous disregard of statewide health orders during a global pandemic."  (State Court Compl. ¶ 30.)

There are no federal claims asserted in the state court action, no "federal question is presented on the face of" the state court complaint, and the state court action does not fall within the "special and small category of cases" in which there is federal jurisdiction over a state law claim.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987) ("The presence or absence of federal-question jurisdiction that will support removal is governed by the 'well-pleaded complaint rule,' under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint. Ordinarily, a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *Gunn v. Minton*, 568 U.S. 251, 258 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.").  Moreover, the federal government is not a defendant in the state court action.  Thus, there is no proper basis for removal of State Court Case No. 56-2021-00549550 to this federal court.

Accordingly, **State Court Case No. 56-2021-00549550** is **REMANDED** to the Superior Court of California, County of Ventura.

**IT IS SO ORDERED.**